IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RONNIE LEE HAMMONDS,

          Plaintiff,

v.                                        CIVIL ACTION NO.   3:18-1377

KIM WOLFE, former Superintendent of Western Regional
Jail and Correctional Facility;
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.;
SUSIE CHRISTIAN, LPN, Employee of PrimeCare;
JOHN/JANE DOE CORRECTIONAL OFFICERS; and
JOHN/JANE DOE PRIMECARE EMPLOYEES,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Plaintiff Ronnie Lee Hammonds' Motion to Amend Complaint. ECF No. 120. In his motion, Plaintiff seeks to substitute two named Defendants, Angela Nicholson, FLP and Michelle Carr, to replace Defendants currently referred to as "John/Jane Doe PrimeCare Employees." Plaintiff also seeks to add an allegation to Count II ("Deliberate Indifference to Serious Medical Need") that Defendant PrimeCare Medical of West Virginia, Inc.'s failure to properly treat his HIV has caused him to be resistant to antiretroviral medications.

      Defendants PrimeCare and Susie Christian, LPN oppose the motion, asserting the identities of Ms. Nicholson and Ms. Carr were disclosed in medical records produced on November 14, 2019. Thus, Defendants contend the Court should deny the motion as untimely. Additionally, Defendants assert the additional allegations that Defendant PrimeCare failed to

properly treat Plaintiff's HIV is unnecessary as it already is covered by his claim of deliberate indifference.

In his Reply, Plaintiff acknowledges that he received the names of Ms. Nicholson and Ms. Carr in November 2019. However, they were included in approximately 1,600 pages of medical records, along with countless other names, and only upon more recent discovery was Plaintiff able to identify their roles and responsibilities. In addition, Plaintiff asserts he learned he was resistant to antiretroviral medications after he filed this action. As Defendants maintain this allegation already is encompassed within Count II, Plaintiff argues they will not be unduly prejudiced by its addition to this action.

In this case, the Court entered its first Scheduling Order on August 22, 2019, setting a deadline for joinder and amendments of January 15, 2020. On January 14, 2020, the parties entered a stipulation extending the deadline for joinder and amendments until February 15, 2020.[1] When, as here, a plaintiff seeks to amend a complaint after the deadline, the plaintiff must satisfy the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure. Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). On the other hand, Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a), in part.

In applying these Rules, district courts have used a two-step analysis: "'(1) the moving party must satisfy the good cause standard of Rule 16(b), and (2) if the movant satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a).'" *Matheny v.*

---

[1] Due to the COVID-19 pandemic, Amended Scheduling Orders were entered on March 24, 2020 and April 20, 2020, but they did not impact the deadline for joinder and amendments.

*L.E. Myers Co.*, No. 2:16-CV-09304, 2018 WL 1095584, at *2 (S.D. W. Va. Feb. 26, 2018) (quoting 3-16 Moore's Federal Practice—Civil § 16.13 (2015); other citation omitted). "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cty.*, 182 Fed. Appx. 156, 162 (4th Cir. 2006) (citation omitted). If a plaintiff demonstrates "good cause," a court still may deny the motion under Rule 15(a) "where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citation omitted). Ultimately, it is within the Court's discretion whether to grant a motion for leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the Court finds Plaintiff has demonstrated good cause under Rule 16(b) and justice requires permitting the amendment pursuant to Rule 15(a). The Court further finds Defendants will not be unduly prejudiced by the amendment, Plaintiff has not acted in bad faith, and the proposed amendment is not futile. Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend. ECF No. 120.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 12, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE